FILED

**NOT FOR PUBLICATION**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DeWAYNE THOMPSON, | No. 14-16338 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00625-AWI-BAM |
| v. | |
| M. P. HERNANDEZ; F. MUNOZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

California state prisoner DeWayne Thompson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

procedural due process violations in connection with a disciplinary hearing. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Huftile v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Miccio–Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Thompson's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success in Thompson's action would necessarily demonstrate the invalidity of his disciplinary conviction and loss of time credits, and Thompson failed to allege facts sufficient to show their invalidation. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)); *Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997) (*Heck* rule applies to § 1983 claims for damages alleging procedural defects with disciplinary hearing when based on the "deceit and bias" of the decisionmaker); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097-98 (9th Cir. 2004) ("The disclaimer in the complaint that [plaintiffs] do not seek relief that implicates the continuing validity of their confinement does not bring their claims outside the reach of *Heck*.").

The district court did not abuse its discretion by denying Thompson's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because

Thompson failed to establish any ground warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

**AFFIRMED.**